JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   ____s/Jonathan D. Rubinstein_____   _____
                                *Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____s/Jonathan D. Rubinstein_____   _____
                                *Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| WILLIAM A. KNIGHT and BEVERLY J KNIGHT<br>v.<br>BRIDGESTONE AMERICAS, INC. and OCCIDENTAL CHEMICAL CORPORATION | : | CIVIL ACTION<br><br>NO. 18  5089 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security   Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration · Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )



| November 27, 2018 | Jonathan D Rubinstein | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 567-3500 | (215) 567-6019 | jrubinstein@cprlaw com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 27 2018

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

WILLIAM A. KNIGHT and :
BEVERLY J. KNIGHT, his spouse
:
    Plaintiffs,
: **PLAINTIFFS' ORIGINAL**
vs. **COMPLAINT AND**
: **JURY TRIAL DEMAND**
BRIDGESTONE AMERICAS, INC., as
successor-in-interest to The Firestone Tire & : Civil Action No.
Rubber Company; and,
OCCIDENTAL CHEMICAL CORPORATION, :
formerly known as Hooker Chemicals &
Plastics Corporation, :

    Defendants. :

---

The Plaintiffs, WILLIAM A. KNIGHT and BEVERLY J. KNIGHT, by their attorneys, STEVEN H. WODKA, ATTORNEY-AT-LAW, and COHEN, PLACITELLA & ROTH, PC, for their complaint against each defendant, allege:

## I. JURISDICTION.

1.    Jurisdiction over the subject matter of this case is based upon the complete diversity of the citizenship of the parties as set forth under 28 U.S.C. §1332(a), and the amount in controversy which exceeds, exclusive of interest and costs, the sum of One Hundred Fifty Thousand ($150,000.00) Dollars.

2.    The Defendants were engaged in the business of manufacturing chemicals at their plant in Pottstown, Pennsylvania.

3.    The Defendants committed tortious acts within the Commonwealth of Pennsylvania, out of which this cause of action has arose.

## II. VENUE.

4. The Plaintiffs' claim arose due to the exposure of WILLIAM A. KNIGHT to the carcinogenic chemicals benzene and butadiene while employed at The Firestone Tire & Rubber Company plant in Pottstown, Pennsylvania, which was purchased by Hooker Chemicals & Plastics Corporation in 1981.  In addition, the Plaintiffs reside within the district in Reading, Pennsylvania.  Therefore, venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391(b).

## III. PARTIES.

5. The Plaintiffs, WILLIAM A. KNIGHT and BEVERLY J. KNIGHT, are citizens of the Commonwealth of Pennsylvania.

6. The Defendant BRIDGESTONE AMERICAS, INC. is a Nevada corporation with its principal place of business in Tennessee; said corporation may be served through its registered agent.

7. The Defendant OCCIDENTAL CHEMICAL CORPORATION is a New York corporation with its principal place of business in Texas; said corporation may be served through its registered agent.

## IV. NATURE OF THE CASE.

8. This is a personal injury action due to Plaintiff WILLIAM A. KNIGHT'S development of aplastic anemia and myelodysplastic syndrome, two neoplastic disorders with a high propensity to develop into acute myelogenous leukemia, and for loss of consortium on behalf of his spouse, BEVERLY J. KNIGHT, against the Defendants due to their failure to provide a place of employment which was safe from

injurious exposure to benzene and butadiene.

9. During his employment at the Defendants' Pottstown plant, Plaintiff WILLIAM A. KNIGHT inhaled and absorbed significant quantities of benzene and butadiene. His exposure to benzene and butadiene was a substantial contributing cause of his aplastic anemia and myelodysplastic syndrome, which were diagnosed in 2017.

10. The International Agency for Research on Cancer (IARC) has classified benzene into its highest category, Group 1, because it "is carcinogenic to humans." According to the IARC, "benzene causes acute myeloid leukaemia/acute non-lymphocytic leukaemia." <u>IARC Monographs on the Evaluation of Carcinogenic Risks to Humans</u>, Volume 100F (2012) at 285.

11. The United States National Toxicology Program (NTP) has classified benzene as "known to be a human carcinogen" based on "several cohort studies in various industries and geographical locations, which found that occupational exposure to benzene increased the risk of mortality from leukemia (mainly acute myelogenous leukemia)." <u>The Report on Carcinogens</u>, Fourteenth Edition, National Toxicology Program, U.S. Department of Health and Human Services (2016).

12. The International Agency for Research on Cancer (IARC) has classified butadiene into its highest category, Group 1, because it "is carcinogenic to humans." According to the IARC, "[b]utadiene causes cancer of the haematolymphatic organs." <u>IARC Monographs on the Evaluation of Carcinogenic Risks to Humans</u>, Volume 100F (2012) at 333.

13. The United States National Toxicology Program (NTP) has classified

butadiene as "known to be a human carcinogen" because a "number of epidemiological studies have shown an association between occupational exposure to 1,3-butadiene and excess mortality from cancer of the lymphatic and hematopoietic systems." <u>The Report on Carcinogens</u>, Fourteenth Edition, National Toxicology Program, U.S. Department of Health and Human Services (2016).

14. The Plaintiff absorbed benzene and butadiene into his body because the Defendants: (a) failed to provide the Plaintiff with adequate training, warnings, and instructions; (b) failed to provide the Plaintiff with proper personal protective equipment; and, (c) failed to provide the Plaintiff with adequate engineering controls and work practices, including adequate ventilation.

15. The Plaintiff's aplastic anemia and myelodysplastic syndrome have caused him to suffer severe mental anguish and depression and other mental suffering, as well as physical pain, and impaired his ability to enjoy a normal life.

16. The Plaintiff has incurred and will incur medical expenses in the treatment of his physical injuries. Said injuries are progressive and irreversible. The Plaintiff will continue to suffer the aforementioned impairments and economic losses in the future.

17. This cause of action is predicated on negligence, as more specifically set out herein.

18. In that each exposure to benzene and butadiene caused or contributed to the Plaintiff's injuries, the Plaintiff alleges that the doctrine of joint and several liability should apply to each Defendant herein.

## V. **FACTUAL BACKGROUND.**

19. Hereinafter, Defendant BRIDGESTONE AMERICAS, INC. is designated

as "Firestone," the name of its predecessor-in-interest, and Defendant OCCIDENTAL CHEMICAL CORPORATION is designated as "Hooker," as it was formerly known.

20.     On September 25, 1967, the Plaintiff WILLIAM A. KNIGHT was hired as a laboratory technician by Defendant Firestone at its plant in Pottstown, Pennsylvania.  In 1981, Defendant Hooker purchased the Pottstown plant from Firestone.  The Plaintiff continued in his employment as a laboratory technician with Hooker until his retirement in 1997.  However, his last day of actual work in the plant was in March, 1993.

21.     At all relevant times, Plaintiff WILLIAM A. KNIGHT was employed at the plant in Pottstown, Pennsylvania, which was owned, leased, operated, possessed, controlled and/or maintained by Defendants Firestone and/or Hooker.

22.     During this employment, the Plaintiff WILLIAM A. KNIGHT used a rubber solvent called "Bennie" and toluene.  Both of these chemicals contained benzene.

23.     The American Conference of Governmental Industrial Hygienists (ACGIH) sets recommended limits for occupational exposure to hazardous chemicals.  The limits are intended to protect a worker who is exposed eight hours per day for five days per week.  However, when Plaintiff WILLIAM A. KNIGHT worked in the "rubber lab" of the Pottstown plant, he was required to work 56 hours per week on a mandatory seven day per week schedule.  In 1971, the ACGIH warned employers that rubber solvents "may contain significant quantities of benzene."

24.     In 1956, the Manufacturing Chemists Association issued Chemical Safety Data Sheet SD-63 for toluene.  At all relevant times, Firestone and Hooker were members of the Manufacturing Chemists Association.  SD-63 warned employers that industrial grade toluene "contain[s] significant quantities of benzene."

25. On April 1, 1971, Defendant Firestone advised its plant managers that "[a]nemia and leukemia may occur" as a result of exposure to benzene.

26. In 1970, the United States Congress passed the Occupational Safety and Health Act and created the Occupational Safety and Health Administration (OSHA) to enforce standards and the National Institute for Occupational Safety and Health (NIOSH) to research workplace hazards and make recommendations for their correction.

27. On August 20, 1976, NIOSH advised employers that "the accumulated evidence" was "conclusive" "that benzene is leukemogenic" and should "be considered carcinogenic in man." Since it was not possible "to establish an exposure level at which benzene may be regarded to be without danger," NIOSH recommended that "exposure to benzene be kept as low as possible," "the use of benzene as a solvent" "should be prohibited," and that "[w]herever benzene is identified or its presence suspected...it should be replaced with less harmful substitutes wherever feasible."

28. NIOSH stated that it was making these recommendations based in part on a study published in 1974 of active and retired employees of a major tire-manufacturing plant in Akron, Ohio, which had been carried out within a research program negotiated between the United Rubber Workers Union (URW) and the six major U.S. rubber companies. The plant in question was owned by Defendant Firestone.

29. In March, 1976, this research program published a further analysis of the association between excess mortality and specific jobs within this same Firestone plant. It reported a relative risk of 6.2, which was statistically significant, between lymphatic and haematopoietic malignancies and work in the styrene-butadiene synthetic rubber

manufacturing department of the plant.  A relative risk of 1.0 was the expected amount.

30.	On April 30, 1976, NIOSH convened a briefing on styrene and butadiene. Lawrence Ballou, MD, Defendant Firestone's Corporate Medical Director, attended this meeting.  At the briefing, Edward J. Baier, the Deputy Director of NIOSH, recommended the following precautions for manufacturers of styrene-butadiene synthetic rubber:

a.	"all operating personnel should be impressed with the toxic hazards of the various compounds and taught to handle them properly;"

b.	"a closed type of operation should be mandatory and continuous inspection of all the equipment for possible leaks should be enforced;"

c.	"personal" "safety equipment should be supplied;" and,

d.	"adequate ventilation, both local and general, should be maintained at all times."

31.	In June 1976, the Occupational Health Studies Group at the School of Public Health of the University of North Carolina issued a report to the Joint URW-Firestone Occupational Health Committee.  The report contained the following recommendation:

> Work practices and equipment should be reviewed throughout the synthetic plant with the view to minimizing exposures to volatile agents including both butadiene and styrene.

32.	In March, 1977, NIOSH conducted a health hazard evaluation at the Firestone synthetic rubber plant in Akron, Ohio which had been the subject of the mortality study published in March, 1976.  The NIOSH investigators found that "[d]uring the entire process, from receipt of raw materials to shipment of finished product, production employees are exposed to styrene, butadiene and other major reactants

7

primarily from leaks in the system."

33.     After purchasing the Pottstown plant in 1981, Hooker continued the manufacture of synthetic rubber using butadiene and the use of toluene which contained benzene.  As a result, Plaintiff WILLIAM A. KNIGHT continued to have injurious exposure to these two carcinogenic substances.

## VI.  CAUSE OF ACTION:  NEGLIGENCE.

34.     Plaintiffs repeat each and every allegation of this Complaint with the same force and effect as if more fully set forth herein.

35.     The injuries and losses suffered by WILLIAM A. KNIGHT are due to the negligence of Defendants Firestone and Hooker which breached their duty to provide the Plaintiff with a safe place to work by each of the following acts or omissions, each of which constitutes negligence:

   a.   by failing to provide the Plaintiff with adequate training, warnings, and instructions;

   b.   by failing to provide the Plaintiff with proper personal protective equipment;

   c.   by failing to provide the Plaintiff with adequate engineering controls and work practices, including adequate ventilation;

   d.   by failing to exercise reasonable care to provide the Plaintiff with a reasonably safe place to work; and,

   e.   by exposing the Plaintiff to unreasonably dangerous conditions.

36.     Because each Defendant failed to exercise reasonable care to provide Plaintiff WILLIAM A. KNIGHT with a reasonably safe place to work, each Defendant is

subject to liability pursuant to the holding in Tooey v. AK Steel Corporation, 81 A.3d 851, 865 (Pa. 2013 ).  Defendants knew, or in the exercise of reasonable care, should have known, that persons such as the Plaintiff would use, work with, handle, inhale, dermally absorb, ingest and otherwise be directly and indirectly exposed to injurious amounts of benzene and butadiene.

37. Each and all of the foregoing acts and omissions taken singularly or collectively were a direct and proximate cause of the injuries suffered by the Plaintiff.

38. As a result of each of the Defendants' acts and/or omissions, the Plaintiffs were caused to suffer the losses alleged herein.

## VII.  PUNITIVE DAMAGES.

39. Plaintiffs repeat each and every allegation of this Complaint with the same force and effect as if more fully set forth herein.

40. Due to the Defendants' outrageous conduct, which was malicious, wanton, willful, oppressive and/or showed reckless indifference to the interests of others, Plaintiffs seek punitive damages.

41. Due to the character of the Defendants' acts, the nature and extent of the harm to the Plaintiff that the Defendants caused, and the wealth of the Defendants, Plaintiffs seek punitive damages.

## VIII.  LOSS OF CONSORTIUM.

42. Plaintiffs repeat each and every allegation of this Complaint with the same force and effect as if more fully set forth herein.

43. As a direct and proximate result of the foregoing allegations, the Plaintiff

BEVERLY J. KNIGHT has and will suffer the loss of the services, consortium, and companionship of her husband WILLIAM A KNIGHT, and the care and comfort of his society because of his said injuries and disabilities, and she has rendered nursing attention to her said husband.

## IX.  PRAYER FOR RELIEF.

44.    WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, WILLIAM A. KNIGHT and BEVERLY J. KNIGHT, demand judgment against the Defendants and each of them jointly and severally for compensatory and special damages in a sum in excess of $150,000.00, for punitive damages, for attorneys' fees, for their costs expended herein, for interest, and for such other and further relief both at law and in equity to which the Plaintiffs may show themselves to be justly entitled.

## X.  JURY DEMAND.

45.    COMES NOW the Plaintiffs, WILLIAM A. KNIGHT and BEVERLY J. KNIGHT, and pursuant to Rule 38 of the Federal Rules of Civil Procedure, demand that all issues of fact in this cause be tried to a properly impaneled jury.

| BY: | s/Steven H. Wodka<br>STEVEN H. WODKA<br>Identification No. 004611986<br>Attorney for Plaintiffs<br>577 Little Silver Point Road<br>P. O. Box 66<br>Little Silver, NJ 07739-0066<br>(732) 530-2815<br>shw@wodkalaw.com | BY: | s/Jonathan D. Rubinstein<br>Identification No. 318138<br>COHEN, PLACITELLA & ROTH, P.C.<br>Local Counsel for Plaintiffs<br>Two Commerce Square<br>2001 Market Street, Suite 2900<br>Philadelphia, PA 19103<br>(215) 567-3500<br>jrubinstein@cprlaw.com |
|---|---|---|---|

Dated: November 27, 2018